FILED
4/29/22 1:02 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No. 22-20324-GLT |
| | : | Chapter 11 |
| **DAVID A. GOLUPSKI** and **MAUREEN Y. GOLUPSKI**, | : : : | Related Dkt. No. 49 |
| *Debtors*. | : : | |
| **DAVID A. GOLUPSKI** and **MAUREEN Y. GOLUPSKI**, | : : : | Adv. Pro. No. 22-02032-GLT |
| *Plaintiffs*, | : : : | |
| v. | : : | Related to Dkt. No. 1 |
| **NEWTEK SMALL BUSINESS FINANCE, LLC**, | : : : : | |
| *Defendant*. | : : | |

**ORDER (A) SETTING PRETRIAL DEADLINES
AND (B) ESTABLISHING EVIDENTIARY HEARING/TRIAL DATE**

This matter comes before the Court upon Newtek Small Business Finance, LLC's ("Newtek") *Motion for Relief from Stay* [Dkt. No. 49], whereby, Newtek seeks relief under the theory that the Debtors allegedly "understated the value of their real estate holdings" and lack equity in the real property located at 5101 Carnoustie Drive in Presto, Florida and 8205 Woodridge Pointe Drive in Fort Myers, Florida. In their *Response in Opposition to Newtek Small Business Finance, LLC's Motion for Relief from the Automatic Stay* [Dkt. No. 62], the Debtors argue that, among other things, Newtek's claim is overstated, and any guaranty or mortgage signed by Maureen Golupski is unenforceable. The Debtors subsequently initiated an adversary proceeding [Dkt. No. 64] against Newtek to object to certain claims and obtain a determination of the secured status of their real property.

At a hearing on April 28, 2022, Newtek and the Debtors agreed that the disputed factual issues necessitate the Court conducting an evidentiary hearing. Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. An evidentiary hearing on this matter is set for **September 2, 2022** at **10 a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pennsylvania 15219. The parties are encouraged to present direct testimony by way of affidavit if possible. To the extent a party elects to introduce direct testimony by way of affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746, the parties shall meet and confer prior to the scheduled trial date and resolve any evidentiary objections with respect to any such affidavit or declaration. To the extent a party desires to cross-examine any witness testifying by way of affidavit or declaration, such witness must be produced at trial for cross-examination. Non-essential parties may participate in the hearing via Zoom video conference in compliance with Judge Taddonio's Procedures.

2. Discovery for this matter shall commence immediately and shall close at the end of the day on **July 13, 2022**. Discovery requests shall be served so that responses are due on or before the date that discovery closes.

3. The parties shall meet and confer to discuss a resolution of this case and shall cooperate in the preparation of the joint reports referenced in ¶ 4(a), as well as the exchange of all documents incidental and related to the matter at issue.

4. All of the following shall be completed on or before **July 29, 2022**:

    a. The parties shall jointly file (i) a *Joint Exhibit List* identifying all exhibits each party will offer at the evidentiary hearing; and (ii) a *Stipulation of Facts* identifying all undisputed facts on which the Court may rely when rendering its decision. Objections to an exhibit must be referenced on the *Joint Exhibit List*. Exhibits that do not have an objection listed on the *Joint Exhibit List* will be admitted without further testimony. Any objections identified on the *Joint Exhibit List* will be resolved by the Court prior to the admission of the contested exhibit.

2

No documents other than those listed as proposed exhibits on the *Joint Exhibit List* will be admitted at the time of the evidentiary hearing unless counsel shows cause for their prior nondisclosure. The mere inability to timely locate documents shall not constitute cause.

        b.      Each party shall separately file the following documents related to the presentation of their case: (i) a witness list; (ii) all exhibits proposed to be introduced at trial; (iii) all expert reports (including a color copy of appraisal(s)), if any; and (iv) a pretrial memorandum identifying any issues of law and contested issues of fact.

        c.      Each party shall provide the Court with three courtesy copies of their exhibits in three-ring binders, with each exhibit separately tabbed.[1] Each exhibit page contained in the binder shall be consecutively numbered (*i.e.*, Bates stamped) in the lower right hand corner of each page of the collective exhibit documents, from the first page to the last page, independent of any exhibit identification numbers previously placed on a respective exhibit. The Plaintiffs shall identify their exhibits by letter, and the Defendant shall identify its exhibits by number.

        5.      A final pretrial conference in this adversary proceeding is set for **August 11, 2022** at **11 a.m.** in Courtroom A, 54th Fl., U.S. Steel Tower, 600 Grant St., Pittsburgh, Pa. 15219 for the purpose of formulating a plan for trial (including facilitation the admission of evidence), resolving any disputes that may have arisen during preparation for trial, and adjudging evidentiary matters. The parties also shall be prepared to discuss settlement at the final pretrial conference. Lead trial counsel for each party must attend the final pretrial conference. Parties may participate in the pretrial conference via Zoom video conference in compliance with Judge Taddonio's Procedures.

        6.      In addition to the instructions set forth in this *Order*, the parties shall comply with the Court's general procedures as set forth on its webpage at http://www.pawb.uscourts.gov/glt-proc.htm, including the pretrial forms provided therein.

---

[1] Counsel shall be expected to provide additional copies to opposing counsel. The rings on the binders shall not exceed three inches.

7. The failure of any party to comply with the terms of this *Order* may result in the imposition of sanctions, including without limitation the prohibition against such party from offering testimony at the evidentiary hearing and/or the entry of judgment against them.

Dated: April 29, 2022

_____
GREGORY L. TADDONIO   mss
UNITED STATES BANKRUPTCY JUDGE

Case Administrator to mail to:
Debtors

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-20324-GLT |
| David A. Golupski | Chapter 11 |
| Maureen Y. Golupski | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Apr 29, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 01, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | David A. Golupski, Maureen Y. Golupski, 5101 Carnoustie Drive, Presto, PA 15142-1507 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 01, 2022            Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 29, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Beverly Weiss Manne | on behalf of Creditor Advance Business Capital LLC dba Triumph Business Capital bmanne@tuckerlaw.com, bewmanne@aol.com,jrusnack@tuckerlaw.com |
| Brian Nicholas | on behalf of Creditor PNC Bank National Association bnicholas@kmllawgroup.com |
| Courtney Helbling | on behalf of Creditor Advance Business Capital LLC dba Triumph Business Capital chelbling@tuckerlaw.com |
| Donald R. Calaiaro | on behalf of Debtor David A. Golupski dcalaiaro@c-vlaw.com cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com;eratti@c-vlaw.com |
| Donald R. Calaiaro | on behalf of Plaintiff David A. Golupski dcalaiaro@c-vlaw.com |

Case 22-20324-GLT    Doc 67    Filed 05/01/22    Entered 05/02/22 00:23:57    Desc Imaged
Certificate of Notice    Page 6 of 6

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 2 of 2 |
| Date Rcvd: Apr 29, 2022 | Form ID: pdf900 | Total Noticed: 1 |

cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com;eratti@c-vlaw.com

Donald R. Calaiaro
    on behalf of Plaintiff Maureen Y. Golupski dcalaiaro@c-vlaw.com
cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com;eratti@c-vlaw.com

Donald R. Calaiaro
    on behalf of Joint Debtor Maureen Y. Golupski dcalaiaro@c-vlaw.com
cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com;eratti@c-vlaw.com

James S. Fellin
    jfellin@nottinghamgroup.com

Jeffrey Hunt
    on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com PNGbankruptcy@peoples-gas.com

Jeffrey R. Hunt
    on behalf of Creditor Chartiers Valley School District jhunt@grblaw.com

Jodi Hause
    on behalf of U.S. Trustee Office of the United States Trustee jodi.hause@usdoj.gov
David.A.Berry@usdoj.GOV;Steven.W.Albright@usdoj.GOV

John J. Winter
    on behalf of Creditor Newtek Small Business Finance LLC jwinter@chartwelllaw.com

Keri P. Ebeck
    on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com jbluemle@bernsteinlaw.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

TOTAL: 14