# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** ) | **Bankruptcy No.** 22-20324-GLT |
| David A. Golupski and ) | |
| Maureen Y. Golupski, ) | **Chapter** 11 (Subchapter V) |
| **Debtors,** ) | |
| David A. Golupski and ) | |
| Maureen Y. Golupski, ) | **Related Document No.** 102-101 |
| **Movants,** ) | |
| vs. ) | **Hearing Date:** 09/09/22 @ 10:30 a.m. |
| PNC Bank, National Association; Newtek ) | |
| Small Business Finance, LLC; ) | **Response Due:** 08/29/22 |
| The Office of the Lee County Tax Collector; ) | |
| Florida Department of Revenue, ) | |
| **Respondents.** ) | **Document No.** |

## ORDER CONFIRMING CHAPTER 11 SALE OF PROPERTY
## FREE AND CLEAR AND DIVESTED OF LIENS, CLAIMS AND ENCUMBRANCES

**AND NOW**, this __day of _____, 2022, on consideration of the **Debtors' Motion to Sell** 8205 Woodbridge Pointe Drive, Fort Myers, Florida 33912 **Free and Clear of All Liens and Encumbrances and Claims** to Thomas J. Lewis and Georgett A. Lewis, 19277 Birchdale Point Road, Brainerd, MN 56401 for $425,000.00**,** after a Zoom Video Conference Hearing held, the Court finds:

(1)    That service of the Notice of Hearing and Order setting hearing on said Motion for Sale of real property free and divested of the interest of the co-owner, the mortgages, liens and judgments of the above-named Respondents, was affected on the following secured creditors whose liens are recited in said Motion for Sale*,* viz:

| **DATE OF SERVICE** | **NAME OF LIENOR AND SECURITY** |
|---|---|
| (Date of Each service) | (Name and address of each including description of collateral) |
| August 10, 2022 | PNC Bank, N.A. |
| | c/o Brian C. Nicholas, Esquire |
| | KML Law Group, P.C. |
| | 701 Market Street, Suite 5000 |
| | Philadelphia, PA 19106 |
| | bnicholas@kmllawgroup.com |
| | *First Mortgage Lien* |

| | |
|---|---|
| August 10, 2022 | PNC Bank, N.A.<br>ATTN: Bankruptcy Department<br>3232 Newmark Drive<br>Miamisburg, OH 45342<br>bankruptcy.claims.@pnc.com<br>*First Mortgage Lien* |
| August 10, 2022 | Newtek Small Business Finance, LLC<br>c/o John J. Winter, Esquire<br>Chartwell Law<br>970 Rittenhouse Road, Suite 300<br>Eagleville, PA 19403<br>jwinter@chartwelllaw.com<br>*Second Mortgage lien* |
| August 10, 2022 | The Office of the Lee County Tax Collector<br>2480 Thompson Street<br>Ft Meyers FL 33901<br>*Real Estate Taxes* |
| August 10, 2022 | Florida Department of Revenue<br>5050 W Tennessee Street<br>Tallahassee FL 32399-0112<br>Attention: MS 3-2000<br>*Real Estate Taxes* |
| August 10, 2022 | James S. Fellin, Esquire<br>Subchapter V Trustee<br>The Nottingham Group, LLC<br>One Gateway Center, Suite 700<br>420 Ft. Duquesne Blvd,<br>Pittsburgh PA 15222<br>jfellin@nottinghamgroup.com<br>*Interested Party – Subchapter V Trustee* |

(2) That sufficient general notice of said hearing and sale, together with the Confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion to sell the fee simple interest. .

(3) That the said hearing was duly advertised on the Court's website pursuant to *W.PA LBR 6004-1(c)* on August 17, 2022, in The News-Press on August 19, 2022, in the Lee County Newsletter on August 19, 2022, and August 26, 2022, and on The Florida Bar's website from August 18, 2022, through August 26, 2022, as shown by the Proof of Publications duly filed. There were no charges to advertise in the Lee County Newsletter.

  (4) That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

  (5) That the price of **$425,000.00** offered by Thomas J. Lewis and Georgett A. Lewis was a full and fair price for the property in question for the interest of the Debtor and the interest of the estate.

  (6) That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with <u>In re: Abbots Dairies of Pennsylvania, Inc.,</u> 788 F2d. 143 (3d Cir. 1986).

  Now therefore, ***IT IS ORDERED, ADJUDGED AND DECREED*** that the sale by Special Warranty deed of the real property described as 8205 Woodbridge Pointe Drive, Fort Myers, Florida 33912 is hereby **CONFIRMED** to Thomas J. Lewis and Georgett A. Lewis, 19277 Birchdale Point Road, Brainerd, MN 56401 for $425,000.00, free and divested of the above recited liens and claims, and, that the Movants are authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale.

  ***IT IS FURTHER ORDERED*** that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extend they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims.

  ***IT IS FURTHER ORDERED*** that the above sale is being conducted in conjunction with the Debtor's Chapter 11 subchapter V Plan and it is entitled to an exemption from any state or local transfer taxes pursuant to 11 U.S.C §1141.

  ***FURTHER ORDERED***, that the following expenses/costs shall immediately be paid at the time of closing. ***Failure of the Closing Agent to timely make and forward the disbursements required by this Order*** will subject the closing agent to monetary sanctions, including among other things, a fine or imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.

  (1) The following lien(s)/claim(s) from the gross proceeds:

  (2) Delinquent real estate taxes; if any; This charge shall be assessed against the sale proceeds.

   a. The allowed payoff of the first mortgage in favor of PNC Bank, in the original amount of $148,000.00 and was recorded in the Office of the Clerk of Circuit Court of Lee County, Florida on May 3, 2010, at Mortgage Book as Instrument No. 2010000111110.  This is a valid first lien on the 8205 Woodbridge Property. The balance is subject to

          verification and the Debtor reserves its right to challenge the claimed amount due.

      b.    The payoff of the second mortgage in favor of Newtek Small Business Finance, LLC in the original amount of $4,027,000.00 and was recorded in the Office of the Clerk of Circuit Court of Lee County, Florida on August 8, 2017, at Mortgage Book as Instrument No. 2017000169129. Pursuant to the mortgage, Newtek asserts that the maximum amount that the mortgage is intended and is **LIMITED** to secure is $285,000.00. The balance is subject to the pending dispute raised in the adversary and the Debtor reserves its right to challenge the claimed amount due.

(3)    On July 28, 2022, the Debtors' filed their *Motion to Retain* James R. Higgins and SWFL Real Estate Brokers as a realtor for this transaction at the behest of Newtek. The Debtors withdrew the Motion. To the extent he is entitled to any commission, James R. Higgins must file a Motion within 30 days of this Order.

(4)    Current real estate taxes, pro-rated to the date of closing; This charge shall be assessed against the sale proceeds.

(5)    Current homeowner's association fees, pro-rated to the date of closing; This charge shall be assessed against the sale proceeds.

(6)    The costs of The News-Press, the local newspaper advertising in Lee County, Florida, in the amount of $25.12; reimbursed to Calaiaro Valencik for their Court approved legal fees and for by the Court for all costs and advertising expenses related to this sale. This charge shall be assessed against the sale proceeds.

(7)    The costs advertising on The Florida Bar's website in the amount of $95.00; reimbursed to Calaiaro Valencik for their approved by the Court for legal fees and for all costs and advertising expenses related to this sale. This charge shall be assessed against the gross sale proceeds.

(8)    The "net proceeds" from the closing as identified on the HUD-1 to Calaiaro Valencik to be held in escrow pending further Order of Court.

(9)    Other:_____.

(10)    If there is a dispute at time of closing, the settlement officer may pay the undisputed claims at closing to in the order of their priority, and then escrow the balance with Calaiaro Valencik and that amount will be deposited into their IOLTA account until further order of this court.

(11) This Court reserves the jurisdiction over the sale and the proceeds until they are distributed.

**FURTHER ORDERED** that:

(1) Closing shall occur within thirty (30) days of this Order and within five (5) days following closing, the Movant shall file a report of sale.

(2) This Sale Confirmation Order survives any dismissal or conversion of the within case; and,

(3) Within five (5) days of the date of this Order, the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Purchaser, and the attorney for the Purchase, if any, and file a certificate of service.

**IT IS FURTHER ORDERED THAT** the Debtor will file a report of sale within 15 days of the closing. If the original bidder does not close the sale within the time allowed by this sale order, the Debtor will file a notice and status court with this court.

_____
**Honorable Gregory L. Taddonio
United States Bankruptcy Judge**