# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 22-20324-GLT |
| David A. Golupski and | ) |
| Maureen Y. Golupski, | ) **Chapter** 11 (Subchapter V) |
|    **Debtors,** | ) |
| James Higgins and | ) |
| SWFL Real Estate Experts, | ) **Related Doc. No.** 124, 134, 135 |
|    **Movants,** | ) **Responses Due:** 10/14/22 |
|      v. | ) **Hearing Date:** 10/27/22 @ 10:00 a.m. |
| David A. Golupski and | ) |
| Maureen Y. Golupski, | ) |
|    **Respondents.** | ) **Document No.** |

## DEBTORS' RESPONSE TO MOTION TO DIRECT PAYMENT OF REAL ESTATE BROKER'S COMMISSION

**AND NOW,** come the Debtors, David A. Golupski and Maureen Y. Golupski, by and through their counsel of record, Calaiaro Valencik and Donald R. Calaiaro, and hereby files the below Debtors' Response to Motion to Direct Payment of Real Estate Broker's Commission and presents the following in support:

1.    Admitted.

2.    Admitted.

3.    While it is true that Higgins used his form real estate contract, he was made aware that his employment had to be approved by the Bankruptcy Court. The application process involved a Verification executed by him in conjunction with the Motion to Employ ( Doc. # 97-2).

4.    While it is true that Higgins used his form real estate contract, he was made aware that his employment had to be approved by the Bankruptcy Court. The application process involved a Verification executed by him in conjunction with the Motion to Employ ( Doc. # 97-2).

5. Denied. The Buyer was a long-standing tenant who wanted to purchase the property prior to the listing. In fact, the secured creditor, Newtek Small Business Finance, LLC ("Newtek"), opposed the original offer from Thomas J. Lewis and Georgette A. Lewis ("Lewis").When the revised proposal from Lewis came in during the interim, before the broker was approved, Newtek reversed its position and the Debtor elected to accept the offer from Lewis. Counsel for the Debtor advised the Court of this development on August 26, 2022 and withdrew the Motion to Employ James R. Higgins ("Higgins") as Broker. The Court entered a Text Order on August 26, 2022 (Doc. #118)  It is specifically denied that Higgins procured the Buyer. Moreover, the sale to Lewis has not yet closed because of the intervening hurricane.

6. Admitted. The Listing Agreement presented to the Bankruptcy Court, included as an exhibit in the Motion to Sell, identified Higgins as the Broker.

7. Admitted as stated in Paragraph 5 above.

8. Admitted in part. The sales offer and financing contingencies were withdrawn and the sale, as presented to the Court in an "as is where is sale", was approved.

9. Admitted.  By way of further averment, Debtors' Counsel advised the Court of Higgins' position and a possible claim and requested  Higgins be provided a window to assert a claim. The clause was inserted after that colloquy.

10. Admitted.  By way of further averment, Debtors' Counsel advised the Court of Higgins' position and a possible claim and requested Higgins be provided a window to assert a claim. The clause was inserted after that colloquy.

11. Denied. Higgins was not approved as Broker in this case and the Motion to Employ Higgins was withdrawn before it was approved. As such, Higgins is not entitled

to protection as a Court approved broker. Without that approval, the Bankruptcy Code does not allow for compensation to Higgins. Higgins also failed to show that he has benefited the estate. Moreover, the sale has not consummated yet. To the extent that Higgins states a claim, Higgins' claim to a 5% contingency fee is premature.

12. Admitted in part. Higgins commenced work prior to his approval. It is not universal for Broker to assume that risk. Higgins undertook his actions at his own risk and subject to the requirements in the Bankruptcy Code.

13. Denied for reasons stated in the preceding paragraphs. The buyer was a long-standing tenant who wanted to purchase the property prior to the listing. In fact, the secured creditor, Newtek, opposed the original offer that Lewis offered directly to Debtors. When the revised proposal from Lewis came in during the interim, before the Broker was approved, Newtek reversed its position and the Debtor elected to accept Lewis' offer. Counsel for the Debtor advised this fact to the Court and withdrew the Motion to Employ Higgins as Broker. It is specifically denied that Higgins procured the Buyer. Moreover, the sale to Lewis has not closed because of the intervening hurricane.

**WHEREFORE**, the Debtors respectfully request that this Honorable Court determine if Higgins is entitled to any compensation. The Debtors request that the Court defer this matter until it is determined if the sale to Lewis will close.

**Respectfully submitted,**

**Dated:** October 14, 2022

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire**
**PA I.D. No. 27538**
dcalaiaro@c-vlaw.com
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**(412) 232-0930**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 22-20324-GLT |
| David A. Golupski and | ) |
| Maureen Y. Golupski, | ) **Chapter** 11 (Subchapter V) |
| **Debtors,** | ) |
| James Higgins and | ) |
| SWFL Real Estate Experts, | ) **Related Doc. No.** 124, 134, 135 |
| **Movants,** | ) **Responses Due:** 10/14/22 |
| v. | ) **Hearing Date:** 10/27/22 @ 10:00 a.m. |
| David A. Golupski and | ) |
| Maureen Y. Golupski, | ) |
| **Respondents.** | ) **Document No.** |

### CERTIFICATE OF SERVICE OF DEBTORS' RESPONSE TO MOTION TO DIRECT PAYMENT OF REAL ESTATE BROKER'S COMMISSION

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on October 14, 2022.

Ryan J Cooney on behalf of Interested Party SWFL Real Estate Experts; rcooney@cooneylawyers.com

Ryan J Cooney on behalf of Interested Party James Higgins; rcooney@cooneylawyers.com

James S. Fellin; jfellin@nottinghamgroup.com

Jodi Hause on behalf of U.S. Trustee Office of the United States Trustee; jodi.hause@usdoj.gov, David.A.Berry@usdoj.GOV; Steven.W.Albright@usdoj.GOV

Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** October 14, 2022     /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire**
**PA I.D. No. 27538**
dcalaiaro@c-vlaw.com
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**(412) 232-0930**