FILED
12/14/22 3:18 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANI**

| | | |
|---|---|---|
| In re: | : | Case No. 22-20324-GLT |
| | : | |
| **DAVID A. GOLUPSKI** and | : | Chapter 11 |
| **MAUREEN Y. GOLUPSKI**, | : | |
| | : | |
| *Debtors.* | : | Related Dkt. No. 106 |
| | : | |

## <u>ORDER CONFIRMING SUBCHAPTER V PLAN OF REORGANIZATION</u>

Upon consideration of the *Small Business Debtors' First Amended Chapter 11 Plan of Reorganization dated August 12, 2022* [Dkt. No. 106] (as modified by this Order, the "Plan") filed by the Debtors, David and Maureen Golupski, together with the Debtors' amended *Schedules I* and *J* [Dkt. No. 183], the *Amended Exhibit B to Small Business Debtors' First Amended Chapter 11 Plan of Reorganization dated August 12, 2022* [Dkt. No. 186] (the "Amended Exhibit B"), and the *Amended Summary of Balloting for Small Business Debtors' First Amended Chapter 11 Plan of Reorganization dated August 12, 2022* [Dkt. No. 187] (the "Ballot Summary"), and after notice and a hearing held before this Court on October 27, 2022 (the "Confirmation Hearing"), the Court hereby finds that:

A.   Notice of the Confirmation Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate as to all creditors and parties in interest affected by the Plan and the transactions contemplated therein.

B.   The Ballot Summary validly and correctly sets forth the tabulation of votes as required by title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

C.   There are no pending objections to Plan confirmation as any such objections have been withdrawn or resolved.

D.      The Plan complies with the following requirements for confirmation as set forth in 11 U.S.C. § 1129(a) in that:

1.      The Plan complies with the applicable provisions of the Bankruptcy Code;

2.      The Debtors have complied with the applicable provisions of the Bankruptcy Code;

3.      The Debtors proposed the Plan in good faith and not by any means forbidden by law;

4.      Any payments made or to be made for services, costs, and/or expenses incurred during the administration of the Debtors' bankruptcy have been approved, or are subject to Court approval;

5.      Each holder of a claim against the Debtors will receive or retain value (as of the effective date of the Plan) that is not less than the amount such holder would receive if the Debtors' assets were liquidated in a chapter 7 proceeding;

6.      The Plan was accepted by at least one class of impaired claims entitled to vote on the Plan.  Specifically, Classes 3 (Newtek Small Business Finance, LLC), 4 (Newtek), 8 (Secured and Priority Tax Claims), and 10 (General Unsecured Creditors) accepted the Plan by submitting the requisite number of ballots for acceptance or by acknowledging support for the Plan by stipulation. Classes 1 (Huntington National Bank) and 9 (Non-Dischargeable Student Loan Claims) are unimpaired and not entitled to vote on the Plan;

7.      As to the non-accepting classes, Class 2 (PNC Bank, N.A.), 5 (Toyota Motor Credit Corporation), 6 (Huntington National Bank), and 7 (Exeter

Finance LLC), the Court finds these classes (collectively, the "Non-Responding Classes") represent secured creditors who did not submit a ballot or otherwise object to confirmation of the Plan.  Furthermore, the Court finds that under 11 U.S.C. §§ 1129(b) and 1191(b), the Plan does not discriminate unfairly and is fair and equitable with respect to each of the Non-Responding Classes.  Specifically, as to each Non-Responding Class, the Plan provides that such creditors will retain the liens securing their claims and they shall receive on account of such claims deferred cash payments totaling at least the allowed amount of such claim, of a value (as of the effective date of the Plan) at least equivalent to the value of such creditor's interest in the estate's interest in such property;

8.      Confirmation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtors;

9.      All fees payable under 28 U.S.C. §1930 have been paid or the Plan provides for payment of such fees on the effective date of the Plan; and

10.     As amended by this Order, the value of property distributed under the Plan is not less than the Debtors' projected disposable income during the five-year period beginning on the date the first payment is due under the Plan or the length of the Plan term.  Furthermore, the Court finds the Debtors will be able to make all payments under the Plan.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1.      The foregoing findings of fact and conclusions of law are incorporated herein by reference.

2.      The Plan is **APPROVED** and **CONFIRMED** as a non-consensual plan under 11 U.S.C. § 1191(b), subject to the following modifications:

3

(a)     The terms of the Plan are modified to the extent inconsistent with

the following stipulations:

(i)     *Stipulation and Agreed Order Approving Stipulation Between Debtors and Creditor, Advance Business Capital LLC, on Amount of Creditor's Claim, Waiving Objections to Creditor's Claim and Resolving Creditor's Objection to Plan* [Dkt. No. 157];

(ii)    *Modified Default Order of Court* [Dkt. No. 191] approving the settlement between the Debtors and Newtek Small Business Finance, LLC; and

(iii)   *Stipulation and Agreed Order* [Dkt. No. 192] by and between the Debtors and the United States of America, Internal Revenue Service.

(b)     The Debtors' expenses shall exclude payment of their son's vehicle

and his student loans as noted in the *Amended Exhibit B*.

(c)     The payment to Class 10 (General Unsecured Creditors) is increased

from $1,500 per month to $2,000 per month as indicated in the *Ballot Summary* and

*Amended Exhibit B*.

3.      Notwithstanding 11 U.S.C. § 1194(b), the Disbursing Agent designated in

the Plan shall make all required distributions pending further Court Order.

4.      The Debtors, by and through their authorized representatives and counsel,

shall take any and all actions necessary or appropriate to implement and consummate the Plan.

5 .     In accordance with the Plan as confirmed, the Debtors are not discharged

from any debt that arose prior to confirmation, subject to the consummation of the Plan and to the

extent provided under 11 U.S.C. §§1141 and 1192, unless different treatment of any such debt was

agreed to by the Debtors prior to Plan confirmation.

6.      All creditors and parties in interest are specifically enjoined from taking any

action contrary to the provisions of the Plan or this Order.  All parties are stayed from collecting

any pre-petition debts except as authorized by the Plan or the Bankruptcy Code, pending entry of

a discharge order.

7.    As this is not a consensual Plan confirmation, James S. Fellin shall continue

as subchapter V trustee pending further order of this Court.

8.    The Court retains jurisdiction with respect to all matters arising from or

related to the implementation or interpretation of the Plan or this Order.

9.    Within three business days, the Debtors shall serve a copy of this Order on

all creditors and parties in interest listed on the creditors' matrix and file a corresponding certificate

of service.

Dated: December 14, 2022

_____

**GREGORY  TADDONIO**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**


<u>Case Administrator to mail to</u>:
Debtors

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                      Case No. 22-20324-GLT

David A. Golupski                                                                   Chapter 11

Maureen Y. Golupski

     Debtors

# CERTIFICATE OF NOTICE

| District/off: 0315-2 | User: auto | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Dec 14, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 16, 2022:**

**Recip ID**            **Recipient Name and Address**
db/jdb           +  David A. Golupski, Maureen Y. Golupski, 5101 Carnoustie Drive, Presto, PA 15142-1507

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 16, 2022           Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 14, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Beverly Weiss Manne | on behalf of Creditor Advance Business Capital  LLC dba Triumph Business Capital bmanne@tuckerlaw.com, bewmanne@aol.com,jrusnack@tuckerlaw.com |
| Brian Nicholas | on behalf of Creditor PNC Bank  National Association bnicholas@kmllawgroup.com |
| Courtney Helbling | on behalf of Creditor Advance Business Capital  LLC dba Triumph Business Capital chelbling@tuckerlaw.com |
| Donald R. Calaiaro | on behalf of Joint Debtor Maureen Y. Golupski dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com |
| Donald R. Calaiaro | |

| | on behalf of Plaintiff David A. Golupski dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com |
| Donald R. Calaiaro | on behalf of Plaintiff Maureen Y. Golupski dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com |
| Donald R. Calaiaro | on behalf of Debtor David A. Golupski dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com |
| James S. Fellin | jfellin@nottinghamgroup.com |
| James S. Fellin | on behalf of Trustee James S. Fellin jfellin@nottinghamgroup.com |
| Jeffrey Hunt | on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com |
| Jeffrey R. Hunt | on behalf of Creditor Chartiers Valley School District jhunt@grblaw.com |
| Jeffrey R. Hunt | on behalf of Creditor County of Allegheny jhunt@grblaw.com |
| Jill Locnikar | on behalf of Creditor United States of America Department of the Treasury  Internal Revenue Service jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov |
| Jodi Hause | on behalf of U.S. Trustee Office of the United States Trustee jodi.hause@usdoj.gov David.A.Berry@usdoj.GOV;Steven.W.Albright@usdoj.GOV |
| John J. Winter | on behalf of Creditor Newtek Small Business Finance  LLC jwinter@chartwelllaw.com |
| John J. Winter | on behalf of Defendant Newtek Small Business Finance  LLC jwinter@chartwelllaw.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronald B. Roteman | on behalf of Interested Party Thomas J. Lewis rroteman@stonecipherlaw.com  jdearment@stonecipherlaw.com |
| Ronald B. Roteman | on behalf of Interested Party Georgette A. Lewis rroteman@stonecipherlaw.com  jdearment@stonecipherlaw.com |
| Ryan J Cooney | on behalf of Interested Party James Higgins rcooney@cooneylawyers.com |
| Ryan J Cooney | on behalf of Interested Party SWFL Real Estate Experts rcooney@cooneylawyers.com |

TOTAL: 22