FILED
12/14/22 3:28 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No. 22-20324-GLT |
| | : | |
| **DAVID A. GOLUPSKI** and | : | Chapter 11 (Sub. V) |
| **MAUREEN Y. GOLUPSKI**, | : | |
| | : | |
| *Debtors*. | : | Related to Dkt. No. 106 |
| | : | |

**POST-CONFIRMATION ORDER AND NOTICE OF DEADLINES
(SUBCHAPTER V SMALL BUSINESS CASE)**

**AND NOW,** this 14th day of December 2022, all creditors, equity security holders, interest holders and all other parties in interest are hereby notified that the (Amended) Debtor's Small Business Chapter 11 Plan of Reorganization Dated August 12, 2022 [Dkt. No. 106] (as supplemented or modified) was filed on August 12, 2022 (the "*Plan*").

The Nonconsensual Plan has been **CONFIRMED** in accordance with 11 U.S.C. § 1191(b) by Order of the Court dated December 14, 2022 and to the extent provided in 11 U.S.C. § 1141, binds the Reorganized Debtor and other entities. The vesting of property of the estate in the Reorganized Debtor free and clear of claims and interests of creditors and other entities shall be subject to 11 U.S.C. § 1186. The Reorganized Debtor will be discharged to the extent provided in 11 U.S.C. § 1192 as soon as practicable after completion by the Reorganized Debtor of all payments due within the first three (3) years of the *Plan*, or a period not to exceed five (5) years, and such discharge will void any judgment and operate as an injunction with respect to any debt discharged to the extent provided in 11 U.S.C. § 1192 and §524. The *Plan* constitutes a new agreement between the Reorganized Debtor and each creditor which is binding and shall be enforceable as any other contract in the courts of the states or United States. This *Order* is entered to provide a timetable for final actions in this case.

It is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. **Administrative Expenses and Professional Fees.** All applications for award of compensation or expenses to a trustee, examiner, attorney or other professional person and all other motions for allowance of administrative expenses shall be filed and served within forty-five (45) days of the date of this *Order*, or forty-five (45) days from the *Plan's* effective date, whichever is later, together with a certificate of service. The failure to timely file, and obtain Court approval, of the allowance and payment of the fees, costs, and expenses may result in the disallowance of the same. To the extent a plan is confirmed as a nonconsensual plan, future applications for awards of compensation and expenses may be filed.

2. **Clerk's Charges and Report Information.** Within fourteen (14) days of the date of this *Order*, the Reorganized Debtor shall submit a written request to the Clerk of Court

to obtain the sum representing any notice and excess claim charges. Said amount shall be paid in full within forty-five (45) days of the date of this *Order*. To the extent an additional request must be made prior to the closing of the case, the Reorganized Debtor may subsequently request that information.

      3.    **Objections to Claims**. Any claim objection shall be served and filed within forty-five (45) days of the date of this *Order*, or as set out in the *Plan*, whichever date is later. In instances where claims have been filed after the date of this *Order*, objections shall be filed within forty-five (45) days such claims are noted on the Claims Register. The failure to timely object to claims may result in such claims being deemed allowed.

      4.    **Other Proceedings.** Any other adversary proceeding, contested matter, motion, or application shall be filed within forty-five (45) days from the date of this *Order* or as set out in the *Plan*, whichever is later, provided that such filings comport with the applicable statute of limitation.

      5.    **Report of Substantial Consummation.** Within fourteen (14) days of consummation of the *Plan*, the Reorganized Debtor shall file and serve on all creditors, equity security holders, all other parties in interest, the trustee, all professionals who may have administrative claims against the estate of the Reorganized Debtor, and the United States Trustee a *Report of Substantial Consummation* in accordance with 11 U.S.C. § 1183(c)(2). The Report shall include a narrative of the activities taken toward compliance with the *Plan*. For purposes of this paragraph, "substantial consummation" means transfer of all or substantially all of the property proposed by the *Plan* to be transferred; assumption by the Reorganized Debtor or by the successor to the Reorganized Debtor under the *Plan* of the business or of the management of all or substantially all of the property dealt with by the *Plan*; and commencement of distribution under the *Plan* as set out in 11 U.S.C. § 1101(2). **If a *Report of Substantial Consummation* is not timely filed, the Court will schedule a Show Cause hearing. A representative of the Reorganized Debtor and counsel shall appear at the hearing.**

      6.    **Final Reports.** To the extent directed in the *Plan*, the trustee shall distribute any monies in accordance with its terms and file the reports discussed in this paragraph. If distributions were not made, the trustee shall file a report of no distribution. If distributions were made, the trustee shall file a quarterly report with the United States Trustee and upon approval file each report with the Court. Upon completion of all plan payments, the trustee shall promptly submit a final report and file a final account of administration with the United States Trustee and the Court pursuant to 11 U.S.C. §§ 1183(b)(1), 704(a)(9).

      7.    **Extensions of Time.** Any time period established in this *Order* may be extended by the Court for cause after notice and hearing, but only upon motion filed **prior** to the deadline established under the relevant paragraph of this *Order*. Nothing in this *Order* shall preclude any proceeding in another court with jurisdiction to which the within time limits might otherwise be applicable.

      8.    **Notice.** The Reorganized Debtor's attorney shall mail a copy of the Order Confirming the *Plan* and this *Order* (Exhibit A need not be attached) as notice thereof to all

creditors, equity security holders, all other parties in interest, the Reorganized Debtor, the trustee, all professionals who may have administrative claims against the estate of the Reorganized Debtor, and the United States Trustee, and file a certificate of service within fourteen (14) days of the date of this *Order*.

    9.  **Continuation Statements.** Judgment holders should revive their liens and secured creditors should file continuation statements, if appropriate, within forty-five (45) days of the date of this *Order* for purposes of 13 Pa. C.S.A. § 9515 or other applicable state law.

    10.  **Case Closing and Final Decree.** The case will remain open after substantial consummation until the trustee has made all payments, filed any final reports and accounts, and there are no pending matters for which the Court must continue to exercise jurisdiction. *See* 11 U.S.C. § 350(a). The Report for Bankruptcy Judges in cases to be closed, attached hereto as Exhibit A, shall be filed by the Reorganized Debtor. **If an *Application for Final Decree* is not timely filed, the Court will schedule a Show Cause hearing. A representative of the Reorganized Debtor and counsel shall appear at the hearing.**

Dated: December 14, 2022

            _____
            GREGORY J. TADDONIOct
            CHIEF UNITED STATES BANKRUPTCY JUDGE

<u>Case Administrator to mail to:</u>
Debtor

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. |
| | : | |
| Debtor(s) | : | |
| | : | Chapter 11 |
| | : | |
| Movant(s) | : | |
| | : | Related to Document No. |
| v. | : | |
| | : | |
| | : | |
| Respondent(s) | : | |

**REPORT FOR BANKRUPTCY JUDGES IN CASES TO BE CLOSED**

**CHAPTER 11 CASES**

\_\_\_\_\_Plan Confirmed          \_\_\_\_\_Plan Not Confirmed

If plan was confirmed and the case is still in Chapter 11, what percentage dividend was (or is) to be paid under the plan to the general unsecured class of creditors? \_\_\_\_\_%

I certify under penalty of perjury that the information provided on this form is true and correct to the best of my knowledge, information, and belief and that all estimated payments have been designated appropriately as such.

_____   _____   _____
DATE          PREPARER                    SIGNATURE

**PAWB Local Form 14  (07/13)**

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-20324-GLT |
| David A. Golupski | Chapter 11 |
| Maureen Y. Golupski | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Dec 14, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 16, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | David A. Golupski, Maureen Y. Golupski, 5101 Carnoustie Drive, Presto, PA 15142-1507 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 16, 2022                    Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 14, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Beverly Weiss Manne | on behalf of Creditor Advance Business Capital LLC dba Triumph Business Capital bmanne@tuckerlaw.com, bewmanne@aol.com,jrusnack@tuckerlaw.com |
| Brian Nicholas | on behalf of Creditor PNC Bank National Association bnicholas@kmllawgroup.com |
| Courtney Helbling | on behalf of Creditor Advance Business Capital LLC dba Triumph Business Capital chelbling@tuckerlaw.com |
| Donald R. Calaiaro | on behalf of Joint Debtor Maureen Y. Golupski dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com |
| Donald R. Calaiaro | |

Case 22-20324-GLT    Doc 210    Filed 12/16/22    Entered 12/17/22 00:29:21    Desc
Imaged Certificate of Notice    Page 6 of 6

| District/off: 0315-2 | User: auto | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 14, 2022 | Form ID: pdf900 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Plaintiff David A. Golupski dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com |
| Donald R. Calaiaro | on behalf of Plaintiff Maureen Y. Golupski dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com |
| Donald R. Calaiaro | on behalf of Debtor David A. Golupski dcalaiaro@c-vlaw.com kmosur@c-vlaw.com;ssimmons@c-vlaw.com;jadam@c-vlaw.com;apratt@c-vlaw.com;mpeduto@c-vlaw.com;mlocke@c-vlaw.com;eballa@c-vlaw.com |
| James S. Fellin | jfellin@nottinghamgroup.com |
| James S. Fellin | on behalf of Trustee James S. Fellin jfellin@nottinghamgroup.com |
| Jeffrey Hunt | on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com |
| Jeffrey R. Hunt | on behalf of Creditor Chartiers Valley School District jhunt@grblaw.com |
| Jeffrey R. Hunt | on behalf of Creditor County of Allegheny jhunt@grblaw.com |
| Jill Locnikar | on behalf of Creditor United States of America Department of the Treasury  Internal Revenue Service jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov |
| Jodi Hause | on behalf of U.S. Trustee Office of the United States Trustee jodi.hause@usdoj.gov David.A.Berry@usdoj.GOV;Steven.W.Albright@usdoj.GOV |
| John J. Winter | on behalf of Creditor Newtek Small Business Finance  LLC jwinter@chartwelllaw.com |
| John J. Winter | on behalf of Defendant Newtek Small Business Finance  LLC jwinter@chartwelllaw.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronald B. Roteman | on behalf of Interested Party Thomas J. Lewis rroteman@stonecipherlaw.com  jdearment@stonecipherlaw.com |
| Ronald B. Roteman | on behalf of Interested Party Georgette A. Lewis rroteman@stonecipherlaw.com  jdearment@stonecipherlaw.com |
| Ryan J Cooney | on behalf of Interested Party James Higgins rcooney@cooneylawyers.com |
| Ryan J Cooney | on behalf of Interested Party SWFL Real Estate Experts rcooney@cooneylawyers.com |

TOTAL: 22