# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) **ELECTRONICALLY FILED** |
| | ) |
| DAVID A. GOLUPSKI and MAUREEN Y. GOLUPSKI | ) Case No. 22-20324 - GLT |
| | ) |
| | ) Chapter 11 (Subchapter V) |
| Debtors. | ) |
| | ) |
| DAVID A. GOLUPSKI and MAUREEN Y GOLUPSKI, | ) |
| | ) **Response to Objection to Claim No. 52 of** |
| | ) **McGann & Chester LLC** |
| Objectors/Movants, | ) |
| | ) Related to Docs. No. 230, 231 |
| vs. | ) |
| | ) Hearing Date and Time: April 13, 2023 @ 10:30 a.m. |
| McGANN & CHESTER LLC, | ) |
| | ) |
| Respondent. | |

## RESPONSE TO OBJECTION TO CLAIM NO. 52 OF
## McGANN & CHESTER LLC

AND NOW comes Respondent McGann & Chester LLC ("M&C"), creditor of the above-captioned Debtors, by and through its undersigned counsel, and files the within Response to Debtors' Objection to Claim No. 52 ("Objection") and states as follows:

### JURISDICTION & VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. The allegations found in Paragraph 4 of the Objection are conclusions of law to which no responsive pleading is required. If a response is deemed to be required, said allegations are specifically denied and strict proof thereof is demanded at a hearing.

## THE PARTIES

5. The allegations found in Paragraph 5 of the Objection are conclusions of law to which no responsive pleading is required. If a response is deemed to be required, said allegations are specifically denied and strict proof thereof is demanded at a hearing.

6. The allegations found in Paragraph 6 of the Objection are admitted.

## GENERAL BACKGROUND RELEVANT TO EACH CLAIM

7. The allegations found in Paragraph 7 of the Objection are admitted.

8. The allegations found in Paragraph 8 of the Objection are conclusions of law to which no responsive pleading is required. If a response is deemed to be required, said allegations are specifically denied and strict proof thereof is demanded at a hearing.

9. The allegations found in Paragraph 9 of the Objection are conclusions of law and seek to characterize the terms of a written document which speaks for itself and to which no responsive pleading is required. If a response is deemed to be required, the averments in Paragraph 9 of the Objection are admitted.

10. The allegations found in Paragraph 10 of the Objection are conclusions of law and seek to characterize the terms of a written document which speaks for itself and to which no responsive pleading is required. If a response is deemed to be required, the averments in Paragraph 10 of the Objection are admitted.

11. The allegations found in Paragraph 11 of the Objection are conclusions of law and seek to characterize the terms of a written document which speaks for itself and to which no

responsive pleading is required. If a response is deemed to be required, the averments in Paragraph 11 of the Objection are denied. It is denied that the services were provided to HG Ventures, Inc. It is further denied that the Statement of Account was directed to HG Ventures, Inc. On the contrary, at no time did M&C conduct or do business with HG Ventures Inc. for the subject services. Moreover, at no time did anyone hold out to M&C that they were requesting services on behalf HG Ventures, Inc. or any other corporate entity. None of the documentation reflects HG Venturers, Inc. or any other corporate entity. Furthermore, the Debtors have held themselves out as doing business as Diamond Head.

12. The allegations found in Paragraph 12 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, after reasonable investigation, M&C is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 12 of the Objection, the same being denied and strict proof thereof is demanded at a hearing.

## RELIEF REQUESTED

13. The allegations found in Paragraph 13 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations found in Paragraph 13 of the Objection are denied. On the contrary, M&C respectfully requests that this Court dismiss the Objection with prejudice and allow M&C's Claim No 52 in its entirety.

## BASIS FOR RELIEF

14. The allegations found in Paragraph 14 of the Objection are conclusions of law to which no responsive pleading is required.

15. The allegations found in Paragraph 15 of the Objection are conclusions of law to which no responsive pleading is required. By way of further response, it is denied that M&C has not met its burden for its claim. On the contrary, M&C has alleged sufficient facts to support its claim and will meet its burden of persuasion. The subject contract and services provided thereunder by M&C were not with HG Ventures, Inc. or any other corporate entity. The statement of accounts does not show HG Ventures Inc. or any other corporate entity as a party. At no time did the Debtors or any other party object to the Statement of Accounts.

16. Paragraph 16 is a paragraph of incorporation and thus no response is required.

**A. Supporting Document to Justify Claim**

17. The allegations found in Paragraph 17 of the Objection are conclusions of law to which no responsive pleading is required. By way of further response, it is denied that M&C has not met its burden of attaching all documents to support its claim. On the contrary, M&C has attached the Statement of Account, which is not directed to HG Venture Inc or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Account as a corporate entity) is a trade name used by the Debtors in conducting business.

18. The allegations found in Paragraph 18 of the Objection are conclusions of law to which no responsive pleading is required. By way of further response, it is denied that M&C has not met its burden of attaching all documents to support its claim. On the contrary, M&C has attached the Statement of Account, which is not directed to HG Venture Inc or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

19. The allegations found in Paragraph 19 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations found in Paragraph 19 of the Objection are denied. By way of further response, it is denied that M&C has not met its burden of attaching all documents to support its claim. On the contrary, M&C has attached the Statement of Account, which is not directed to HG Venture Inc or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

20. The allegations found in Paragraph 20 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations found in Paragraph 20 of the Objection are denied. It is denied that M&C provided services to any entity or party other than the Debtors. On the contrary, M&C provided services to the Debtors trading and doing business as Diamond Head. Furthermore, M&C provided the attached the Statement of Account to the Debtors, which is not directed to HG Venture Inc. or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

21. The allegations found in Paragraph 21 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations found in Paragraph 21 of the Objection are denied. It is denied that M&C has not provided sufficient evidence to support a claim against the Debtors. It is further denied that

M&C provided services to any entity or party other than the Debtors. On the contrary, M&C provided services to the Debtors trading and doing business as Diamond Head. Furthermore, M&C provided the attached the Statement of Account to the Debtors, which is not directed to HG Venture Inc. or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

### B. M&C is Not Attempting to Impose Personal Liability for a Corporate Debt

22. The allegations found in Paragraph 22 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations found in Paragraph 22 of the Objection are denied. It is denied that M&C has not provided sufficient evidence to support a claim against the Debtors. It is further denied that M&C provided services to any entity or party other than the Debtors. On the contrary, M&C provided services to the Debtors trading and doing business as Diamond Head. Furthermore, M&C provided the attached the Statement of Account to the Debtors, which is not directed to HG Venture Inc. or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

23. The allegations found in Paragraph 23 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations found in Paragraph 23 of the Objection are denied. It is denied that M&C has not provided sufficient evidence to support a claim against the Debtors. It is further denied that

M&C provided services to any entity or party other than the Debtors. On the contrary, M&C provided services to the Debtors trading and doing business as Diamond Head. Furthermore, M&C provided the attached the Statement of Account to the Debtors, which is not directed to HG Venture Inc. or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

24. The allegations found in Paragraph 24 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, after reasonable investigation, M&C is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Objection, the same being denied and strict proof thereof is demanded at the hearing. It is further denied that M&C has not provided sufficient evidence to support a claim against the Debtors. It is further denied that M&C provided services to any entity or party other than the Debtors. On the contrary, M&C provided services to the Debtors trading and doing business as Diamond Head. Furthermore, M&C provided the attached the Statement of Account to the Debtors, which is not directed to HG Venture Inc. or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business. Moreover, the claim and the Statement of Account summitted in support of M&C's claim are devoid of any mention of HG Ventures Inc.

25. The allegations found in Paragraph 25 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the

allegations found in Paragraph 25 of the Objection are denied. It is denied that M&C has not provided sufficient evidence to support a claim against the Debtors. It is furth denied that M&C has made any claim against the Debtors based upon a personal guaranty. It is further denied that M&C provided services to any entity or party other than the Debtors. On the contrary, M&C provided services to the Debtors trading and doing business as Diamond Head. Furthermore, M&C provided the attached the Statement of Account to the Debtors, which is not directed to HG Venture Inc. or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

26. The allegations found in Paragraph 26 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the allegations found in Paragraph 26 of the Objection are denied. . It is denied that M&C has not provided sufficient evidence to support a claim against the Debtors. It is further denied that M&C provided services to any entity or party other than the Debtors. On the contrary, M&C provided services to the Debtors trading and doing business as Diamond Head. Furthermore, M&C provided the attached the Statement of Account to the Debtors, which is not directed to HG Venture Inc. or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

27. The allegations found in Paragraph 26 of the Objection are conclusions of law to which no responsive pleading is required. To the extent that a response is required, the

allegations found in Paragraph 26 of the Objection are denied. It is denied that M&C's claim must be denied or stricken. It is further denied that M&C has not provided sufficient evidence to support a claim against the Debtors. It is further denied that M&C provided services to any entity or party other than the Debtors. On the contrary, M&C provided services to the Debtors trading and doing business as Diamond Head. Furthermore, M&C provided the attached the Statement of Account to the Debtors, which is not directed to HG Venture Inc. or any other corporate entity and which was received by the Debtors without objection. On information and belief, Diamond Head (which is not a corporate entity or designated on the Statement of Accounts as a corporate entity) is a trade name used by the Debtors in conducting business.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

As further answer to the Objection, M&C raises the following defenses and affirmative defenses:

28. M&C denies each and every allegation raised or contained within the Objection unless expressly admitted herein.

29. The Debtors reached out to M&C and requested towing services on an emergency basis.

30. At no time did the Debtors hold themselves out as acting on behalf of HG Ventures Inc. or any other corporate entity.

31. M&C provided the requested towing services on an emergency basis.

32. M&C issued the Statement of Account attached to its Proof of Claim No. 52 to the Debtors.

33. The Statement of Account does not show HG Ventures Inc. or any other corporate entity as the responsible party for the fees and costs for the emergency towing services provided.

34. At no time prior to the within objection did the Debtors or any other party object to the Statement of Account including, but not limited to the non-corporate party listed as the responsible party on the Statement of Account.

35. An account stated is an account in writing, examined and expressly or impliedly accepted by both parties. Robbins v. Weinstein, 143 Pa.Super. 307 (1941).

36. The essence of an account stated is that there is an agreement to, or acquiescence in the correctness of the account, so that in proving the account stated, it is not necessary to show the nature of the original transaction or indebtedness. Instead one need only establish that the parties struck a balance in such circumstance as to support a promise of payment on one side and acceptance on the other side. Connolly v. Fanslow, 1995 U.S. Dist. LEXIS 17231 (E.D. Pa. 1995).

37. A party can manifest acceptance by retaining a statement of account, without objection for an unreasonably long time. Donahue v. City of Philadelphia, 157 Pa. Super. 124, 128 (1945).

38. The existence of an account stated is prima facie evidence of the correctness of the account shown in the absence of fraud, mistake or error. Cauffiel v. Glenn, 345 Pa. 181 (1942); Connolly, 1995 U.S. Dist. LEXIS 17231 ; Levin v. Garfinkle, 492 F.Supp. 781, 810 (E.D. Pa. 1990).

WHEREFORE, Respondent McGann & Chester LLC denies that its claim is in any way improper or unsupported, asks that Debtors Objection be dismissed with prejudice, and demands judgment in its favor.

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

Dated: <u>March 29, 2023</u>      by:    <u>/s/ Gary M. Sanderson</u>
Robert E. Dauer, Jr., Esquire
Pa. I.D. # 61699
red@muslaw.com
Gary M. Sanderson, Esquire
Pa. I.D. #313591
gms@muslaw.com

535 Smithfield Street, Suite 1300
Pittsburgh, Pennsylvania 15222-2315
TEL: (412) 456-2800
FAX: (412) 456-2864

Attorneys for MYERS EQUIPMENT CORPORATION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) **ELECTRONICALLY FILED** |
| | ) |
| DAVID A. GOLUPSKI and MAUREEN Y. GOLUPSKI | ) Case No. 22-20324 - GLT |
| | ) |
| | ) Chapter 11 (Subchapter V) |
| Debtors. | ) |
| _____ | ) |
| DAVID A. GOLUPSKI and MAUREEN Y GOLUPSKI, | ) |
| | ) **Response to Objection to Claim No. 24 of** |
| | ) **Myers Equipment Corporation.** |
| Objectors/Movants, | ) |
| | ) Related to Docs. No. 230, 231 |
| vs. | ) |
| | ) Hearing Date and Time: April 13, 2023 @ |
| McGANN & CHESTER LLC, | 10:30 a.m. |
| | ) |
| Respondent. | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of March 2023, I electronically filed and served the foregoing RESPONSE TO OBJECTION TO CLAIM NO. 24 OF MYERS EQUIPMENT CORPORATION using the CM/ECF system, which shall provide notice to all parties and counsel of record electronically, and a courtesy copy has been further served by U.S. Mail on counsel for the Debtor and the United States Trustee, as follows:

| | |
|---|---|
| Donald R. Calaiaro, Esquire<br>Calaiaro Valencik<br>938 Penn Avenue, Suite 501<br>Pittsburgh, PA 15222-3708 | U.S. States Trustee<br>Office of the United States Trustee<br>1001 Liberty Avenue, Suite 970<br>Pittsburgh, PA 15222 |
| Dated: <u>March 29, 2023</u> | By: <u>*/s/ Gary M. Sanderson*</u><br>Pa. ID # 313591<br>535 Smithfield Street, Suite 1300<br>Pittsburgh, Pennsylvania 15222-2315<br>TEL: (412) 456-2800<br>FAX: (412) 456-2864<br>E-Mail: gms@muslaw.com<br>Attorneys for: McGann & Chester LLC<br>CORPORATION |