**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 22-20324-GLT |
| David A. Golupski and | ) |
| Maureen Y. Golupski, | ) **Chapter** 11 (Subchapter V) |
| **Debtors,** | ) |
| | ) |
| Cozza Enterprises, LLC, | ) **Hearing Date:** May 1, 2023 @ 10:00 a.m. |
| **Movant,** | ) **Responses Due:** April 17, 2023 |
| **v.** | ) **Related to Document No.** 249, 250 |
| David A. Golupski and | ) |
| Maureen Y. Golupski, | ) |
| **Respondent.** | ) **Document No.** |

## DEBTORS' RESPONSE TO COZZA ENTERPRISES, LLC's
## MOTION TO ALLOW LATE PROOF OF CLAIM

**AND NOW** come the Debtors, David A. Golupski and Maureen Y. Golupski, by and through their counsel of record, Calaiaro Valencik and Andrew Kevin Pratt, and presents the following Response to the Motion to Allow Late Proof of Claim filed by Cozza Enterprises, LLC:

1.      Admitted.

2.      Denied as stated. Upon information and belief, this claim may be related to and actually the debt of HG Ventures, Inc., a former business entity in which David Golupski was a shareholder and officer. This would mean that the claim is not proper without some documentation supporting an imposition of personal liability.

3.      Admitted.

4.      Admitted in part. It is admitted that Cozza Enterprises, LLC filed Proof of Claim 57 in the amount of $115,025 on August 23, 2022. However, it is denied that this is a valid claim against Debtors' David and Maureen Golupski. Upon information and belief, this claim may be related to and actually the debt of HG Ventures, Inc., a former business

entity in which David Golupski was a shareholder and officer. This would mean that the claim is not proper without some documentation supporting an imposition of personal liability. Furthermore, it is denied that Cozza's claim is allowable as written because it is seeming based on a loan contract and there is no writing or supporting documentation attached. <u>See</u> Fed.R.Bankr.P. 3001(c)(1) ("when a claim…is based on a writing, a copy of the writing shall be filed with the proof of claim."). Moreover, it is not known whether the amount claim is solely the principal amount owed or if the claim includes interest, fees, expenses, and other charges. If the claim includes these amounts, then the claim is not allowable due to failure to include an itemized statement of the accrued interest, fees, expenses, or charges. <u>See</u> Fed.R.Bankr.P. 3001(c)(2)(A).

5.      Admitted with the clarification and belief that this is not a claim of the Debtors, but the claim of HG Ventures, Inc.

6.      The Debtors are without sufficient information to admit or deny this Paragraph. Accordingly, this Paragraph is denied. It is not known when or how Cozza received notice of the case. It is possible that Cozza received actual or constructive notice of the case prior to the claims bar date and could have filed the claim before then.

7.      Denied. It is denied that Cozza satisfied its burden to allow the late claim. Without waiving the foregoing, to the extent that there is an allowed claim, the Debtors request that the allowed claim be subject to the distribution procedures of the confirmed chapter 11 plan.

**[CONTINUED ON NEXT PAGE]**

**WHEREFORE**, the Debtors respectfully request that this Honorable Court enter the appropriate order denying the Motion to Allow Late Proof of Claim, or in the alternative, allow the claim subject to confirmed Plan.

**Respectfully submitted,**

**DATED:** April 17, 2023

**BY:** /s/ Andrew Kevin Pratt
**Andrew Kevin Pratt, Esquire**
**PA I.D. No. 328784**
**apratt@c-vlaw.com**
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222**
**(412) 232-0930**